USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________No. 97-2240 NORMAN J. WEINSTEIN, ET AL., Plaintiffs, Appellees, v. LEVINE-FRICKE-RECON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Patti B. Saris, U.S. District Judge] ____________________ Before Torruella, Chief Judge, Selya and Boudin, Circuit Judges. ____________________ M. Robert Dushman and Brown, Rudnick, Freed & Gesmer, P.C. on brieffor appellant. Bernard Bressler and Bressler, Amery & Ross on brief for appelleesNorman J. Weinstein and Richard F. Toro. ____________________ March 4, 1998 ____________________ Per Curiam. We have reviewed the submissions of the parties and the record on appeal, and we affirm. The question of whether an arbitrable issue existed was properly before the district court. See First Options, Inc. v. Kaplan, 115 S.Ct. 1920, 1924-25 (1995) (question of whether an issue is subject to arbitration should be decided by a court, unless the parties specifically provided otherwise); AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986) (same). Appellant's argument that arbitration should have been allowed because appellant might later be liable to the guarantor was not raised below, so it is waived. In re Rauh, 119 F.3d 46, 51 (1st Cir. 1997). Because the district court has allowed arbitration on other related issues since this appeal was filed, and that ruling has gone unchallenged, we need not address appellant's remaining argument. Affirmed. Loc. R. 27.1.